UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carlene Bertrand,<br><br>    Plaintiff,<br><br>v.<br><br>Key 2 Recovery, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE OHIO CONSUMER SALES PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Carlene Bertrand ("Carlene"), is a natural person who resided in Atoka, Tennessee, at all times relevant to this action.

2. Defendant, Key 2 Recovery, Inc. ("K2R"), is an Ohio corporation that maintained its principal place of business in West Chester, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. Before K2R began contacting Carlene, it and Carlene had no prior business relationship and Carlene had never provided express consent to K2R to be contacted on her cellular telephone.

6. K2R regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of K2R's revenue is debt collection.

8. K2R is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, K2R contacted Carlene to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Carlene is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "person" and "consumer" as defined by R.C. § 1345.01 (B, D).

12. K2R is a "supplier" as defined by R.C. § 1345.01 (C). *See Midland Funding L.L.C.. v. Brent,* 644 F.Supp2d 961, 976 (N.D. Ohio 2009).

13. Within the past twelve months, and before, K2R has been calling Carlene on Carlene's cellular phone and home phone in connection with the collection of a debt.

14. On at least one occasion, Carlene verbally requested a letter of validation of the debt.

15. On or around March 13, 2015, Carlene sent a letter to K2R via certified mail.

16. Carlene's letter notified K2R that Carlene disputed the debt and requested a letter of validation of the debt.

17. In addition, Carlene's letter communicated Carlene's desire that K2R cease calling Carlene and only communicate with Carlene in writing.

18. K2R received Carlene's letter on March 17, 2015.

19. Despite receipt of Carlene's letter, K2R continued to call Carlene on Carlene's cellular phone and home telephone in connection with the collection of a debt.

20. In addition, K2R called Carlene's husband ("Husband") on Husband's business cellular phone.

21. On one occasion, K2R denied receipt of Carlene's letter and requested that Carlene email K2R a copy of the letter.

22. Carlene emailed a copy of Carlene's letter to K2R.

23. Subsequently, the same day, K2R called Carlene on her cellular phone again.

24. During this communication, K2R acknowledged receipt of Carlene's letter; however, K2R told Carlene that K2R did not have to abide by the letter with respect to Carlene's request to cease contact via phone.

25. On at least one occasion, K2R threatened to file a lawsuit against Carlene.

26. K2R has not filed a lawsuit against Carlene.

27. K2R never intended to file a lawsuit against Carlene.

28. K2R caused Carlene emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

32. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

34. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

36. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

37. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

38. Defendant violated 15 U.S.C. § 1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## COUNT SIX

### Violation of the Telephone Consumer Protection Act

39. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein.

40. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

41. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

42. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

43. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

44. The TCPA provides, in part:

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

      (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

         (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

      * * *

         (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

    47 U.S.C. §§ 227(b)(1)(A)(iii).

45. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

46. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

48. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

49. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

50. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

51. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*,

2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

52. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

53. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT SEVEN

### Violation of the Ohio Consumer Sales Practices Act

54. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 28 above as if fully set forth herein

55. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A)

56. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§1345.01 and 1435.02 and the substantive rules promulgated under the OCSPA

57. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

58. Defendant violated the OCSPA

## JURY DEMAND

59. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

60. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Judgment against Defendant for actual damages, punitive damages, and injunctive relief pursuant R.C. § 1345.02(A).

    e. Judgment against Defendant for reasonable attorney's fees and costs pursuant to R.C. § 1345.09 (F).

    f. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: March 25, 2016

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (Ohio Bar Number 0079315)
One of Plaintiff's Attorneys
Hyslip & Taylor, LLC LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com